# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER FRANKLIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Case No. 4:15CV1283NCC** |
| | ) | |
| **STATE OF MISSOURI, CITY OF** | ) | |
| **ST. LOUIS, ST. LOUIS COUNTY,** | ) | |
| **JON BELMAR, SAM DOTSON,** | ) | |
| **CAPT. RONALD JOHNSON and** | ) | |
| **JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the court is Defendant State of Missouri's Motion to Dismiss Plaintiff's First Amended Complaint.[1] (Doc. 7). Plaintiff Christopher D. Franklin has filed a Memorandum in Opposition and the State has filed a Reply and the issues are fully briefed. (Docs. 9, 13).

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic*

---

[1] Plaintiff did not file an Amended Complaint. (Doc. 2).

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N.A.,*

534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)

("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of

a complaint's factual allegations."); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)

(stating that a well-pleaded complaint may proceed even if it appears "that a

recovery is very remote and unlikely").  The issue is not whether the plaintiff will

ultimately prevail, but whether the plaintiff is entitled to present evidence in

support of his claim.  *Scheuer*, 416 U.S. at 236.  A viable complaint must include

"enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550

U.S. at 570; *see id.* at 563 (stating that the "no set of facts" language in *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957), "has earned its retirement"); *see also Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth

in *Twombly* applies to all civil actions).  "Factual allegations must be enough to

raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

    To survive a motion to dismiss, "a civil rights complaint must contain facts

which state a claim as a matter of law and must not be conclusory."  *Frey v. City of*

*Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).  A plaintiff must assert facts that

affirmatively and plausibly suggest that the pleader has the right he claims, rather

than facts that are merely consistent with such a right.  *Gregory v. Dillard's, Inc.,*

565 F.3d 464, 473 (8th Cir. 2009) (internal quotation and citations omitted).  While

a plaintiff need not set forth "detailed factual allegations," or "specific facts" that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. *Id*. (citations omitted).

## BACKGROUND

On November 24, 2014, Plaintiff Christopher Franklin alleges that while he was participating in a demonstration in Ferguson, Missouri to protest a state grand jury's decision not to indict a police officer in the death of Michael Brown, Defendant John Doe, a police officer, fired a "beanbag round" at Franklin, and that Franklin suffered injuries to his right eye. On July 10, 2015, Plaintiff filed suit in this matter in the Circuit Court of the City of St. Louis, and, on August 19, 2015, Defendants St. Louis County, Missouri, (the County) and Chief Jon Belmar removed it to the United States District Court for the Eastern District of Missouri. (Doc. 1). According to the Notice of Removal, the State consented to removal. (Doc. 1, ¶ 9). Plaintiff makes the following claims against all Defendants, including the State of Missouri: violations of his Fourth and Fourteenth Amendment right to be free from the use of excessive force, unwarranted threats, and unlawful detention by police officers pursuant to 42 U.S.C. §§ 1983 and 1988, (Count I), and battery (Count II). In Counts I and II, Plaintiff seeks monetary damages from all Defendants. Plaintiff also alleges replevin against Defendants

other than Missouri (Count III).

## DISCUSSION

**A.     Count I:**

The State of Missouri argues that Franklin has failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because § 1983 only provides for actions against a "person," acting under color of law, for civil rights violations. Missouri also argues that Franklin's claims are barred by Eleventh Amendment sovereign immunity.   In Plaintiff's Response, Franklin concedes that Missouri cannot be considered a "person" acting under the color of law for the purposes of § 1983.   However, he also argues that Missouri has waived its sovereign immunity. Because Missouri raises both "person" and Eleventh Amendment defenses, the court will first address whether Missouri is a "person" under § 1983.  *Vermont Agency of Nat'l Resources v. United States*, 529 U.S. 765, 779 (2000) ("We nonetheless have routinely addressed *before* the question whether the Eleventh Amendment forbids a particular statutory cause of action to be asserted against States, the question whether the statute itself permits the cause of action it creates to be asserted against States (which it can do only by clearly expressing such an intent)") (emphasis in original).

Putting aside Franklin's concession that Missouri is not a "person" subject to the allegations in Count I, the court notes for purposes of monetary relief,

"[n]either a state nor its officials acting in their official capacities are [considered] 'persons' under § 1983." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). In *Will*, the Supreme Court found that § 1983 was "not intended to disregard the well established [Eleventh Amendment] immunity of the State from being sued without its consent." *Id.* at 67. The court finds, therefore, that Franklin has failed to state a cause of action against Missouri in Count I for the reason that it is not a "person" against whom a §1983 claim for money damages may be asserted. The court will grant the Motion To Dismiss Count I for this reason alone.

The question of whether Missouri has waived its Eleventh Amendment immunity by consenting to the removal of this case by co-defendants St. Louis County and Chief Belmar is less clear. Franklin argues that *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 620 (2002), and *United States v. Metropolitan St. Louis Sewer District*, 578 F.3d 722, 725 (8th Cir. 2009) supports his position that Eleventh Amendment sovereign immunity was waived by Missouri when it "participate[d] in the removal of an action from state court to federal court." (Doc. 9). Plaintiff further argues that, while Missouri did not expressly join in removal of this matter, "all defendants who have been properly joined and served must join in or consent to removal"; that, "without the consent of all defendants, including the State, the attempt by [the] County and [Defendant]

Belmar to remove this action was defective from the outset"; and that, consequently, Missouri must either "consent to removal, thereby waiving 11th Amendment immunity," or "allow the remand to St. Louis City Circuit Court, where 11th Amendment immunity is not available." (Doc. 9 at 1-2). Franklin is no longer seeking remand of this matter to state court.[2] Instead Franklin now argues that Missouri's consent to removal constitutes a waiver of Eleventh Amendment immunity. The Eighth Circuit has yet to resolve this issue. However, this Court has previously rejected similar arguments and held that *Lapides* does not extend to situations where the state did not waive immunity in the state courts. *Belkin v. Casino One Corp.,* 2014 WL 1727896, at *4 (E.D. Mo. May 1, 2014); *Lacy v. Gray*, 2013 WL 3766567, at *3 (E.D. Mo. July 16, 2013). The court agrees with this reasoning.

In *Lapides*, 535 U.S. at 619-24, the Supreme Court held only that, when a

___

[2]After Missouri filed the instant Motion To Dismiss, Franklin filed a Motion to Remand, arguing that Missouri did not actually join in the removal. (Doc. 10). See 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). See Griffioen v. Cedar Rapids and Iowa City Ry. Co., 785 F.3d 1182, 1187-88 (8th Cir. 2015) (holding that representation in railroad's timely notice of removal that codefendants consented to removal of case was a sufficient indication of codefendants' consent). Subsequently, however, Franklin acknowledged that the statement in the Notice of Removal that Missouri consented to removal was sufficient to meet the requirement that all served defendants must consent to removal. Consequently, Franklin withdrew the Motion to Remand. (Doc. 17).

state has waived its underlying sovereign immunity from suit for common law tort claims in its own state courts and then removes the matter to federal court, it cannot claim sovereign immunity in the federal proceedings. See Johnson v. Board of Police Commissioners, 2007 WL 1629909, at *3 (E.D. Mo. June 7, 2007) (noting that, in Lapides, the "Court limited its holding to situations where the state had waived its underlying sovereign immunity from suit for common law tort claims in its own state courts and then removed the suit to federal court."). Johnson, 2007 WL 1629909, at *3 ("Because Missouri has not waived its sovereign immunity from suit for common law tort claims in its own state courts, . . . its immunity remains in federal court, even though it removed the case."). Here, Missouri did not waive its sovereign immunity in state court, nor did it initiate the removal proceedings. See also Stewart v. North Carolina, 393 F.3d 484, 489-90 (4th Cir. 2005) (reasoning that a state has the same right as any other defendant to remove an action to federal court where issues of federal law exist).

Under Missouri law, state entities are entitled to sovereign immunity from all state law tort claims except for those expressly waived by statute. Mo. Rev. Stat. § 537.600.1(1)-(2); Southers v. City of Farmington, 263 S.W.3d 603, 609 (Mo. 2008). Missouri has waived immunity for two limited types of torts, which are 1) those involving motor vehicle accidents or 2) those concerning a dangerous condition of a property, neither of which is at issue in this case. Id. Franklin's §

1983 claim in Count I allows Missouri to consent to the removal of this action for resolution of all related matters, including whatever immunity exists as to the remaining state law claims made by Franklin. Accordingly, the court finds that Missouri has not waived sovereign immunity by consenting to removal of this matter.

As for *Metropolitan St. Louis Sewer District*, 578 F.3d at 726, also cited by Franklin, the Eighth Circuit held only that the state had waived its sovereign immunity from a counterclaim by acting as a "coplaintiff rather than passively waiting for the United States to seek indemnification from it." Missouri is not a co-plaintiff in the matter under consideration; it is a defendant. As such, the court finds that Missouri has not waived its Eleventh Amendment immunity for purposes of this case, and that, therefore, Count I should be dismissed as to it.

**B.     Count II:**

Franklin alleges battery in Count II against Missouri, and seeks monetary damages. Further, as discussed above, Missouri law provides that it does waive its sovereign immunity for two limited types of torts, neither of which is at issue in this case. Mo. Rev. Stat. § 537.600.1(1)-(2). Indeed, intentional torts "have consistently been found to fall within the shield of sovereign immunity." *Mitchell v. Village of Edmundson*, 891 S.W.2d 848, 850 (Mo. Ct. App. 1995) (intentional tort of conversion did not affect defendant village's sovereign immunity from

liability for police officer's alleged negligence) (citing *Balderree v. Beeman*, 837 S.W.2d 309, 319 (Mo. Ct. App. 1992) (slander); *Conrod v. Missouri State Highway Patrol*, 810 S.W.2d 614, 617 (Mo. Ct. App. 1991) (conversion); *Duncan v. Creve Coeur Fire Prot. Dist.,* 802 S.W.2d 205, 207 (Mo. Ct. App. 1991) (intentional infliction of emotional distress and retaliatory discharge). *See also Carmelo v. Miller*, 569 S.W.2d 365, 368 (Mo. Ct. App. 1978) ("Plaintiff's claim against the Board of Police Commissioners is based on the negligent or wrongful performance of a governmental function, and is a tort action to which the doctrine of sovereign immunity applies."). The court finds, therefore, that Missouri is entitled to sovereign immunity in regard to Franklin's claim of battery in Count II. Count II should be dismissed as to Missouri. The court will grant Missouri's Motion to Dismiss in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant State of Missouri's Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED**, and that the State of Missouri is **DISMISSED** from this matter. (Doc. 7). A separate order of partial dismissal will be entered.

Dated this  29th  day of January 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE