UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHRISTOPHER FRANKLIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| V. | ) | Case No. 4:15-cv-01283-NCC |
| CITY OF ST. LOUIS, ST. LOUIS COUNTY, JON BELMAR, SAM DOTSON, and CAPT. RONALD JOHNSON, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Ronald Johnson's ("Johnson") Motion to Dismiss Plaintiff's Complaint (Doc. 30) and Plaintiff Christopher Franklin's ("Franklin") Motion to Strike Section II of Defendant Johnson's Reply in Support of his Motion to Dismiss (Doc. 43). The Motions are fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) (Doc. 53). For the following reasons, Johnson's Motion is **GRANTED** and Franklin's Motion is **DENIED**.

### I. BACKGROUND

On July 10, 2015, Franklin filed suit in this matter in the Circuit Court of the City of St. Louis, and, on August 19, 2015, Defendants St. Louis County, Missouri and Chief Jon Belmar removed it to the United States District Court for the Eastern District of Missouri (Doc. 1). Johnson consented to the removal of the case to federal court (Doc. 28). Johnson, a Captain in the Missouri Highway Patrol, is sued in his official capacity as a co-director of the Unified Command. Plaintiff makes the following claims against all Defendants, including Johnson:

violations of his Fourth and Fourteenth Amendment right to be free from the use of excessive force, unwarranted threats, and unlawful detention by police officers pursuant to 42 U.S.C. §§ 1983 and 1988 (Count I), and battery (Count II). In Counts I and II, Plaintiff seeks monetary damages from all Defendants. Plaintiff also alleges replevin against the Unified Command Defendants, including Johnson (Count III).

## II. DISCUSSION

### A. Motion to Strike

The Court must first address Franklin's Motion to Strike Section II of Defendant Johnson's Reply in Support of his Motion to Dismiss (Doc. 43). In his Motion, Franklin asserts that, in Section II of Johnson's reply, Johnson raises the new argument that Franklin's Petition fails to adequately allege the elements of his causes of action for replevin and battery (*Id.* at 1). Johnson responds that the Motion must be denied because a reply is not a pleading under the plain language of Federal Rule of Civil Procedure 12(f) (Doc. 45 at 2-3). Instead, Johnson argues, the Court should grant Franklin leave to file a sur-reply (*Id.* at 3).

Upon review of the briefing on the Motion to Dismiss, the Court finds that Johnson improperly raised a new argument for the first time in his reply. In Section II of his reply, Johnson, for the first time, asserts Franklin failed to adequately allege the elements of replevin and battery. While Johnson is correct in his contention that a motion to strike is not properly directed at a reply brief, because the Court finds Johnson's Motion to Dismiss to be dispositive on other grounds, the Court, in its discretion, will not consider the argument raised by Johnson in Section II of his reply or direct Franklin to file a sur-reply.

### B. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim

2

showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show " 'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All reasonable references from the complaint must be drawn in favor of the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F .3d 544, 549 (8th Cir. 1999). The "essential elements of a § 1983 claim are: (1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." *Kuha v. City of Minnetonka*, 365 F.3d 590, 606 (8th Cir. 2003).

  Johnson asserts that the Court should dismiss Franklin's Petition for failure to state a claim upon which relief can be granted and for a lack of subject matter jurisdiction. Specifically, Johnson contends that he is sued in his official capacity as a co-director of the Unified Command and the Unified Command is not a suable, or juridical, entity (Doc. 31 at 3). Franklin responds

3

that the Unified Command is a juridical entity and, he should be allowed to conduct more discovery to determine the Unified Command's organizational structure (Doc. 39 at 6-7). Johnson also argues Franklin's Petition should be dismissed as to him because: (1) he is entitled to Eleventh Amendment immunity; (2) his liability cannot be established solely on a theory of *respondeat superior*; and (3) Franklin's claims are barred by the doctrine of sovereign immunity. If the Unified Command is a suable entity, then Franklin's suit against the Unified Command defendants can proceed—at least through the Court's review of the remaining legal challenges raised by Johnson in his Motion to Dismiss. If not, then the case against him should be dismissed on that basis.

Federal Rule of Civil Procedure 17 governs the capacity of parties to sue or be sued. An individual's capacity to sue or be sued, when not acting in a representative capacity, is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b)(1). A corporation's capacity to sue or be sued is determined by the law under which it was organized. Fed. R. Civ. P. 17(b)(2). For all other parties, "the capacity to sue or be sued . . . shall be determined by the law of the state in which the district court is held except that . . . a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution." Fed. R. Civ. P. 17(b)(3)(A).

In his Petition, Franklin has sued Johnson in his official capacity as the co-director of the Unified Command. Public servants may be sued under section 1983 in their official capacity, their individual capacity, or both. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). When a state or municipal official is sued in his official capacity, the claim is treated as a suit against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). "[N]either

4

a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). The parties do not claim that the Unified Command is an individual, corporation or partnership. Thus, the Unified Command may only be sued either (1) if it has the capacity to be sued under Missouri state law or (2) if it is an unincorporated association that is being sued to enforce a substantive right existing under the United States Constitution.

The Court must look to the Unified Command's enabling legislation to determine if Missouri law provides for suit against it. The Petition cites to and asserts that the Unified Command was established on November 17, 2014, by the Governor's Executive Order 14-14. In relevant part, the Executive Order reads:

   NOW, THEREFORE, I, JEREMIAH W. (JAY) NIXON, GOVERNOR OF THE STATE OF MISSOURI, by virtue of the authority vested in me by the Constitution and Laws of the State of Missouri, including Sections 44.010 through 44.130, RSMo, do hereby declare a State of Emergency exists in the State of Missouri.

   I further direct the Missouri State Highway Patrol together with the St. Louis County Police Department and the St. Louis Metropolitan Police Department to operate as a Unified Command to protect civil rights and ensure public safety in the City of Ferguson and the St. Louis region.

   I further order that the St. Louis County Police Department shall have command and operational control over security in the City of Ferguson relating to areas of protests, acts of civil disobedience and conduct otherwise arising from such activities.

   I further order that the Unified Command may exercise operational authority in such other jurisdictions it deems necessary to protect civil rights and ensure public safety and that other law enforcement agencies shall assist the Unified Command when so requested and shall cooperate with operational directives of the Unified Command.

   I further order, pursuant to Section 41.480, RSMo, the Adjutant General of the State of Missouri, or his designee, to forthwith call and order into active service such portions of the organized militia as he deems necessary to protect life and property and assist civilian authorities and it is further directed that the Adjutant General or his designee, and through him, the commanding officer of any unit or other organization of such organized militia so called into active service take such action and employ such equipment as may be necessary to carry out requests processed through the Missouri State Highway Patrol and ordered by the Governor of

the state to protect life and property and support civilian authorities.

This Order shall expire in thirty days unless extended in whole or in part by subsequent Executive Order.

No language in Executive Order 14-14 indicates that the Unified Command has the capacity to sue or to be sued. Similarly, the Emergency Management Agency provisions of the Missouri Revised Statutes, upon which the Executive Order's authority rests, do not provide for the capacity to sue or to be sued. *See* Mo. Rev. Stat. §§ 44.010-44.130. Accordingly, the Court finds that the Unified Command does not have the capacity to sue or be sued on the basis that Missouri state law sanctions it.

The remaining question is whether the Unified Command is an unincorporated association that can be sued for the purpose of enforcing against it a substantive right existing under the United States Constitution or laws. This is a two-part test. However, the parties do not dispute that Franklin's claim for "constitutional violations under 42 U.S.C. § 1983" satisfies the substantive right prong of this test. Therefore, the final, and ultimate, question before the Court is whether the Unified Command can be defined by law as an unincorporated association.

While the question of capacity is initially one of state law, whether an entity is an "unincorporated association" is a question of federal law. *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820 (9th Cir. 1996). "Courts have generally defined an 'unincorporated association' as a voluntary group of persons, without a charter, formed by mutual consent for the purpose of promoting a common objective." *Id. But see Roby v. Corp. of Lloyd's*, 796 F. Supp. 103, 110 (S.D.N.Y. 1992), *aff'd*, 996 F.2d 1353 (2d Cir. 1993) ("Unincorporated association is a term of art-every group that is not a corporation or partnership is not automatically an unincorporated association."). *See also Brown v. Fifth Judicial Dist. Drug Task Force*, 255 F.3d 475, 477 (8th Cir. 2001) (listing cases that held drug task forces were not unincorporated

associations under Rule 17(b)). Franklin discounts the significance of *Brown* but it is instructive, considering the Unified Command was composed of three law enforcement agencies. *Id.* In *Brown*, the plaintiff sued a multi-jurisdictional drug task force that was his former employer, alleging that the defendant task force failed to pay him for overtime hours in violation of the Fair Labor Standards Act. *Id*. The plaintiff in *Brown* argued that the task force was suable as an unincorporated association. The task force argued that the Rule 17(b) provision regarding unincorporated associations was for private parties and not governmental ones. The District Court granted defendant's motion to dismiss after plaintiff failed to respond. On appeal, the Eighth Circuit reviewed the case for plain error. "It seems to us that the District Court committed no error" after noting that "authorities more directly on point appear be uniform in holding that drug task forces similar … [to] this case are not separate legal entities subject to suit." *Id*.

Still, Franklin argues that at this early stage of the litigation he should be allowed to conduct discovery as to the organizational structure of the Unified Command in order to determine whether the Unified Command is an unincorporated association. *See Hillis v. Miller Cty., Arkansas,* No. CIV. 06-4111, 2007 WL 1200950, at *1 (W.D. Ark. Apr. 23, 2007). Franklin argues that this Court should adopt the reasoning of the *Hillis* decision in which the District Court denied defendant Bi-State Narcotics Task Force's motion to dismiss when it ruled that it would be premature and there was no evidentiary support for the defendant's contention that it was not a suable entity. *Id.* Here, however, the Court is not faced with the same dilemma. According to the Petition and Executive Order 14-14, the Unified Command was comprised of the Missouri State Highway Patrol, the St. Louis County Police Department, and the St. Louis Metropolitan Police Department. It was created as a result of a declared state of emergency, and

7

was ordained to expire after thirty days, along with the state of emergency. Furthermore, the operational directives of the Unified Command are detailed in Executive Order 14-14. Accordingly, Franklin's pursuit of additional policy and procedures that governed the actions of the Unified Command may be discoverable, but they are not needed for the Court to rule on this Motion.

The Court finds that the Unified Command has no legal existence apart from the participating organizations. Of the entities, Saint Louis County Police was assigned command and operational control over security in the City of Ferguson relating to areas of protests, acts of civil disobedience and conduct otherwise arising from such activities. The Governor created the Unified Command in response to a state of emergency with the provision that the state of emergency and the Unified Command were not to continue beyond thirty days absent an additional executive order. No subsequent order issued. *Cf. Cline v. City of Mansfield*, 745 F. Supp. 2d 773, 798 (N.D. Ohio 2010), *amended in part* (Jan. 27, 2011), *aff'd sub nom. Cline v. Myers*, 495 F. App'x 578 (6th Cir. 2012) (finding Defendant Allied Special Operations Response Team an unincorporated association in part because it was a "pre-existing group . . . organized in advance for the very purpose of serving warrants, not a random group of police officers from different jurisdictions spontaneously composed for mutual assistance, for example, to respond to an unexpected disaster or riot."). Given the limitations of the Unified Command as alleged in the Petition and outlined in Executive Order 14-14, the joint effort cannot be said to occupy the same status as or beyond that of a law-enforcement task force. And if the Eighth Circuit points to other authority in *Brown*, *supra*, that recognizes uniformly that law enforcement drug task forces are not unincorporated associations for Rule 17(b) purposes, then Franklin's Petition cannot survive as to Johnson as a co-director of the Unified Command. Accordingly, the Court finds

8

that the Unified Command is not a separate legal entity subject to suit and that Johnson will be dismissed.

Finally, the Court notes that the actions of the Unified Command are not beyond judicial review. As the record indicates, the Unified Command functioned as a joint effort of the Missouri State Highway Patrol, the St. Louis County Police Department, and the St. Louis Metropolitan Police Department. Therefore, the Unified Command's component members may be sued. Franklin has done just that, suing the relevant entities inasmuch as their police departments lack a legal identity apart from the city and county in which they operate.[1] *See Milson v. Shepard*, No. 4:06-CV-797CEJ, 2007 WL 710177, at *4 (E.D. Mo. Mar. 6, 2007) (citing *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir.1997); *Mosley v. Reeves*, 99 F. Supp. 2d 1048, 1053 (E.D. Mo. 2000)) (the St. Louis County Police Department), *Reed v. St. Louis City Police Dep't*, No. 4:09-CV-1325-JCH, 2009 WL 3617487, at *2 (E.D. Mo. Oct. 28, 2009) (the St. Louis City Police Department), *Hampton v. Missouri Highway Patrol*, No. 4:12CV2161 FRB, 2001 WL 36414125, at *2 (E.D. Mo. Jan. 7, 2001) (the Missouri Highway Patrol).

### III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Christopher Franklin's Motion to Strike Section II of Defendant Johnson's Reply in Support of his Motion to Dismiss (Doc. 43) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Ronald Johnson's Motion to Dismiss Plaintiff's Complaint (Doc. 30) is **GRANTED.** Defendant Ronald Johnson is **DISMISSED**.

---

[1] On January 29, 2016, the Court dismissed Defendant State of Missouri.

A separate order of partial dismissal will accompany this order.

Dated this 24th day of May, 2016.

  /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE