UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER D. FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| | ) |
| and | ) |
| | ) |
| COUNTY OF ST. LOUIS, MISSOURI, | )  Cause No. 4:15-cv-1283 |
| | ) |
| and | ) |
| | ) |
| JON BELMAR, CHIEF OF POLICE OF | ) |
| ST. LOUIS COUNTY, MISSOURI, | ) |
| | ) |
| and | ) |
| | ) |
| SAM DOTSON, CHIEF OF POLICE, | ) |
| CITY OF ST. LOUIS, MISSOURI, | ) |
| | ) |
| and | ) |
| | ) |
| SERGEANT STEVENER (DSN 2968) | ) |
| Serve:  Hold Service | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Christopher Franklin, by and through the undersigned attorneys, and for his First Amended Complaint against all named Defendants states as follows:

**Parties**

1.     Plaintiff Christopher D. Franklin ("Franklin" or "Plaintiff") is an African-American individual residing in St. Louis County and the State of Missouri.

EXHIBIT A

3. Defendant City of St. Louis (the "City") is a constitutional charter city and municipal corporation of the State of Missouri.

4. Defendant County of St. Louis, Missouri is organized and exists under and by virtue of the laws of the State of Missouri.

5. Defendant Sam Dotson is Chief of Police for the City of St. Louis and in that capacity oversees the law enforcement operations in the City of St. Louis. He was co-director of a Unified Command created pursuant to Executive Order 1414 dated November 17, 2014 and thus has, along with the other co-directors of the Unified Command, oversight and control of all of the law enforcement response to demonstrations following the killing of Michael Brown.

6. Defendant Jon Belmar is Chief of Police for the County of St. Louis and in that capacity oversees the law enforcement operations in the County of St. Louis. He was co-director of a Unified Command created pursuant to Executive Order 1414 and thus has, along with the other co-directors of the Unified Command, oversight and control of all of the law enforcement response to the demonstrations following the killing of Michael Brown.

7. Defendants Sam Dotson, and Jon Belmar are sued in their official capacities and as co-directors of the Unified Command. Defendants Sam Dotson, Jon Belmar, City of St. Louis, and County of St. Louis are referred to herein collectively as the "Unified Command Defendants".

8. Defendant Sergeant Kevin Stevener, DSN 2968, ("Stevener") is a law enforcement officer employed by St. Louis County who fired a beanbag round that injured Plaintiff Franklin as described herein.

9. Jurisdiction and venue are appropriate in this Court.

**Facts**

10. On August 9, 2014, Darren Wilson, a police officer of the City of Ferguson's police department, shot and killed eighteen-year-old Michael Brown, who was unarmed.

11. Citizens outraged by the conduct of police and other government agencies in relation to the killing of Michael Brown took to public streets and sidewalks in Ferguson, Missouri, as well as other parts of St. Louis County and St. Louis City in a variety of spontaneous and planned demonstrations to express their concerns about police actions, including excessive use of force, in African American communities.

12. Those engaging in these actions did so as part of a political protest, pursuant to their rights under the First Amendment. Their purpose is to seek justice for the deaths of young black men and women at the hands of police, to bring attention to issues of police violence and racist policing in communities of color, and to advocate for policing reforms.

13. On November 17, 2014, the State of Missouri, acting through Governor Jay Nixon, issued Executive Order 14-14, directing "the Missouri State Highway Patrol together with the St. Louis County Police Department and the St. Louis Metropolitan Police Department to operate as a Unified Command to protect civil rights and ensure public safety in the City of Ferguson and the St. Louis region".

14. Executive Order 14-14 further directed, "that the St. Louis County Police Department shall have command and operational control over security in the City of Ferguson relating to areas of protests, acts of civil disobedience and conduct otherwise arising from such activities". In response to Executive Order 14-14, the Unified Command Defendants entered into cooperation agreements with one another with respect that the discharge of their duties under the Executive Order, binding themselves to common objectives and activities, including

but not limited to "shared responsibility for overall incident management during a multi-jurisdictional or multi-agency incident". See Exhibit 1 hereto.

15. On November 24, 2014, sometime after 8 p.m., St. Louis County Prosecutor Robert McCulloch announced that a St. Louis County grand jury refused to indict Darren Wilson.

16. Upon hearing that announcement, Franklin traveled to Ferguson in order to participate in a demonstration protesting the grand jury decision.

17. Franklin, along with other protestors, demonstrated on the sidewalk along South Florissant Road, in the area between the City of Ferguson Police Department, 222 South Florissant Road, and the intersection of South Florissant Road with Oliver Avenue, all within the City of Ferguson and the County of St. Louis.

18. Franklin was at all times unarmed. Members of the crowd surrounding Franklin had no visible weapons and were, upon information and belief, unarmed.

19. At the time of Plaintiff's injury, law enforcement officers under the control of the Unified Command were standing in the middle of South Florissant Road south of the intersection of Compton Avenue and South Florissant Road and approximately at 304 S. Florissant Road.

20. One of those officers, Sergeant Stevener, was armed with a shotgun loaded with "beanbag rounds". The beanbag rounds contained a packet of lead shot.

21. Acting without reasonable provocation, Sergeant Stevener fired a beanbag round at Franklin from very close range.

22. The beanbag round struck and became lodged in Franklin's right eye, completely destroying the tissue of his right eye and fracturing the bones surrounding his right eye.

23. Other protestors assisted Franklin in leaving the protest and seeking medical care.

24. Franklin was transported to St. Louis University Hospital ("SLUH"), where he was admitted and treated for his injuries.

25. On November 26, 2014, SLUH surgeons successfully removed items they described as a "rubber bullet/bullet cap" and a "bean bag" from Plaintiff's skull.

26. As a direct and proximate result of being hit with the beanbag round, Franklin lost his right eye.

27. As a direct and proximate result of being hit with the beanbag round, Franklin continues to suffer severe pain and permanent loss of vision.

28. In firing on Franklin as described above, Sergeant Stevener acted with deliberate indifference and/or reckless disregard toward Franklin's rights, targeting him without probable cause or any reasonable factual basis to support that Plaintiff had committed any crime or wrong, and using lethal force in an unjustified and unconstitutional manner.

29. Firing on Franklin as described above was an unlawful abuse of authority against Franklin under color of law.

## COUNT I – <br> CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C § 1983 <br> (Against All Defendants)

30. Plaintiff realleges and incorporates by reference the allegations set forth in the above paragraphs.

31. This cause of action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the United States Constitution.

32. On or before November 24, 2014, Plaintiff possessed the rights guaranteed by the United States Constitution, including but not limited to the Fourth and Fourteenth Amendment rights against unlawful, unreasonable, and excessive force, of unwarranted threats, and the right to be free from unlawful detention by police officers acting under the color of law.

33. On November 24, 2014, Defendant Sergeant Stevener acted with deliberate indifference or with reckless disregard for Plaintiff's rights by firing a "less lethal" shotgun, containing a beanbag" round at him or other persons in his immediate vicinity without proper authority and without lawful regard for the grievous injury that Plaintiff might suffer by virtue of the unreasonable actions of Sergeant Stevener, as set forth above.

34. At the time of the described wrongful acts by Defendant Sergeant Stevener, Plaintiff was not engaged in criminal activity of a nature to warrant his seizure and detention without reasonable suspicion, the unlawful force used against him, or the acts of unreasonable force made under the color of law against him.

35. Plaintiff was not engaged in any conduct that would have justified Defendant Stevener's acts described herein.  Moreover, Defendant Stevener lacked probable cause, reasonable suspicion, or legal justification to fire upon Plaintiff.

36. The seizure and detention of Plaintiff was entirely unjustified by any of the actions of Plaintiff, and constituted a violation of his civil rights and rights under the Fourth Amendment.

37. Furthermore, Defendant Sergeant Stevener's actions constituted excessive force in that they were beyond the force reasonably necessary to detain and/or arrest Plaintiff.

38. Upon information and belief, Plaintiff alleges that the Unified Command Defendants facilitated, encouraged and/or instigated unlawful, racially motivated and unconstitutional acts such as the use of excessive force described herein, and failed to intervene to stop such acts.

39. Defendant Sergeant Stevener acted at all times knowing that his conduct was unlawful conduct in violation of the Fourth Amendment and the laws of the State of Missouri.

However, Defendant Stevener knew that the Defendants had ratified, condoned, and acquiesced to their specific acts of intimidation and abusive conduct toward African-American citizens through established practices, customs, and procedures, and thus did not fear any repercussion in taking the unlawful action against Plaintiff.

40. At all times relevant herein, the Unified Command Defendants were acting under color of law, statutes, customs, policies, ordinances, and usages of the County of St. Louis, the State of Missouri, and the City of St. Louis.

41. At all times relevant herein, the Unified Command Defendants failed to adopt sufficient policies to deter or prevent the violation of Plaintiff's civil rights and failed to train Sergeant Stevener in the proper use of the weapon and beanbag round that injured Plaintiff.

42. At all times relevant herein, the Unified Command Defendants failed to develop and/or maintain a custom or policy to identify, investigate, discipline, rehabilitate, and/or retrain its police officers who violated citizens' civil rights in areas such as inappropriate use of force, improper threat level assessment, and improper verbal commands.

43. At all times relevant herein, the Unified Command Defendants negligently hired, trained and supervised police officers who violated citizens' civil rights.

44. Furthermore, through improper training, improper hiring, negligent retention, ineffective internal policies, and ignoring patterns and practices of abuse, the Unified Command Defendants were deliberately indifferent to said policies and procedures, leading to Plaintiff's rights being violated.

45. The Unified Command Defendants had a policy, procedure, and/or practice of engaging in illegal activities, including but not limited to unlawfully detaining citizens and using excessive force in violation of federal and state rights.

46.     The illegal and unconstitutional policies, procedures, and practices of the City of St. Louis, County of St. Louis, and the Unified Command Defendants were the driving force of the deprivation of Plaintiff's civil rights described herein.

47.     The Unified Command Defendants were at all relevant times herein responsible for the actions of their subordinates as they relate to the violation of Plaintiff's civil rights, in the following non-exhaustive particulars:

   a)   Failure to properly hire, train, discipline, and/or supervise the police officers under their command;

   b)   Failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation of the internal affairs; and

   c)   Condoning a pattern, practice, and/or custom of unlawful detainment and excessive force by police officers, and by failing to take appropriate and reasonable measures to ensure that members of the general public are protected from unlawful detentions and the use of excessive force by members of the Unified Command Defendants.

48.     All of the acts and omissions herein establish customs, policies, and procedures, which, among others, have the effect of depriving Plaintiff of his right to due process of law, including freedom from unreasonable detention and freedom from threat of harm under color of law, as well as other rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of Missouri, which directly and proximately caused the damages complained of herein.

49. Defendants subjected Plaintiff to the above-described deprivations either by actual malice, deliberate indifference, or reckless disregard for Plaintiff's rights under the United States Constitution and the laws of the State of Missouri.

50. As the direct and proximate cause of the mentioned acts of Defendants, Plaintiff suffered physical injury, intense pain, medical expenses, lost wages, living expenses, incurred additional expenses for his care and treatment, and other losses to be proven at trial.

51. By reason of the mentioned acts and omissions of Defendants, Plaintiff was required to retain counsel to institute and prosecute this action, and Plaintiff requests payment by Defendants of a reasonable sum as and for attorney's fees and litigation expenses pursuant to 42 U.S.C.A. § 1988.

52. The above-described acts of Defendants were willful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to the individually named Defendants.

WHEREFORE, Plaintiff requests that this Court enter its Order and Judgment granting Plaintiff's Petition, awarding Plaintiff damages in his favor and against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), awarding Plaintiff his attorneys' fees, and granting such other and further relief as the Court deems just.

### COUNT II – BATTERY
### (Against All Defendants)

53. Plaintiff realleges and incorporates by reference the allegations set forth in the above paragraphs.

54. Defendant Sergeant Stevener intentionally battered Plaintiff by firing a beanbag round at Plaintiff and directly causing the beanbag round to strike Plaintiff.

55. Upon information and belief, Defendant Sergeant Stevener possessed the intent to cause bodily harm, such harm being unlawful and not legally justifiable.

56. As a direct and proximate result of the conduct described above, Plaintiff suffered severe bodily harm and physical pain, including broken bones, the loss of his right eye, permanently impaired vision, medical expenses, lost wages, living expenses, incurred additional expenses, and other losses to be proven at trial.

57. In committing the acts described herein, Defendant Sergeant Stevener acted with malice and reckless indifference, removing the protections of official immunity and entitling Plaintiff to an award of punitive damages.

58. In committing the acts described herein, Defendant Sergeant Stevener acted in a prescribed manner, in obedience to the policies and practice of institutionalized unconstitutional behavior promulgated by the Unified Command Defendants, removing the protections of official immunity.

59. The Unified Command Defendants' conduct violated a clearly established statutory or constitutional right (the right to be free from racially discriminatory policing, unlawful detainment and the use of excessive force) of which a reasonable person would have known.

60. The Unified Command Defendants are liable under the doctrine of respondeat superior.

61. By perpetrating a scheme of unlawful policies and procedures of unconstitutional and racially discriminatory policing which caused the aforementioned assault on Plaintiff, the Defendants acted with malice, reckless indifference and conscious disregard for the rights of

Plaintiff and others similarly situated, removing the protections of official immunity and entitling Plaintiff to an award of punitive damages against Defendants.

62. The Unified Command Defendants approached their duty to oversee that the Unified Command's use of force did not exceed constitutional limits as a ministerial function, and thus are not entitled to official immunity.

WHEREFORE, Plaintiff requests that this Court enter its Order and Judgment granting Plaintiff's Petition, awarding Plaintiff damages in his favor and against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), awarding Plaintiff his attorneys' fees, and granting such other and further relief as the Court deems just.

### COUNT III – REPLEVIN
### (Against St. Louis County and Jon Belmar)

63. Plaintiff realleges and incorporates by reference the allegations set forth in the above paragraphs.

64. On November 25, 2014, St. Louis County Detectives Justin Adams and Benjamin Granda, acting as agents and/or employees of St. Louis County and Jon Belmar, visited Mr. Franklin in his hospital room at SLUH in order to interview him. During the course of the interview, they took possession of two bags containing Plaintiff's personal possessions, including items of clothing he was wearing at the time he was injured, to include a red/yellow/orange hooded sweatshirt, a black knit cap, and a black zippered hooded jacket with white graphics ("Personal Property").

65. On November 26, 2014, SLUH surgeons successfully removed items described as a "rubber bullet/bullet cap" and a "bean bag" (collectively referred to as "Projectile Property") from Plaintiff's skull. The Projectile Property was immediately seized by agents or employees of St. Louis County.

66. Plaintiff is now, and at all times relevant has been, the owner of the Personal Property and the Projectile Property (collectively referred to as the "Property")

67. St. Louis County and Jon Belmar are holding the Property at an unknown location within the State of Missouri.

68. On or about March 16, 2015, Plaintiff requested in writing that Defendant St. Louis County release the Property from its possession and return the Property to Plaintiff.

69. To date, St. Louis County and Jon Belmar have wrongfully failed to surrender possession of the Property and return it to the Plaintiff, and the Property is now wrongfully detained by the Defendant.

70. The Property has a present value of approximately $500.00.

71. The Property is subject to seizure within the State of Missouri.

72. Plaintiff is the owner of the Property and is entitled to immediate possession of the Property. Plaintiff has demanded from St. Louis County and Jon Belmar possession of the Property, but St. Louis County and Jon Belmar have failed and refused and continues to fail and refuse to give Plaintiff such rightful possession and wrongfully continues to detain the Property.

73. The Property has not been taken for any tax, assessment, or fine levied by virtue of the laws of the State of Missouri against Plaintiff or the property of Plaintiff, nor seized under any legal process against the goods and chattel of Plaintiff, subject to such lawful process, nor held by virtue of any order of replevin against Plaintiff.

74. Upon information and belief, the Property is not relevant to any criminal investigation currently being conducted by St. Louis County and Jon Belmar.

75. Because the Property is movable, readily marketable, and/or easily damaged by misuse, Plaintiff is in danger of losing the Property unless immediate possession of it is obtained or it is otherwise secured.

WHEREFORE, plaintiff prays for the court to enter an Order for Replevin granting plaintiff: (1) immediate possession of the Personal Property described above; (2) immediate possession of the Projectile Property described above; (3) damages for retention by defendant of the Personal Property and the Projectile Property described above; and (4) such other and further relief as the court deems proper, necessary, and appropriate.

**BICK & KISTNER, P.C.**

By: /s/ Elkin L. Kistner
    Elkin L. Kistner     #35287
    Sean M. Elam     #56112
    101 S. Hanley, Suite 1280
    St. Louis, Missouri  63105
    (314) 571-6823 (Phone)
    (314) 727-9071 (Facsimile)
    E-mail: elkinkis@bick-kistner.com
    *Attorneys for Plaintiff*